{¶ 33} Because I cannot concur in the majority opinion, I respectfully dissent for the following reasons.
 {¶ 34} This case was previously before this court, and a decision was rendered in Levine v. Levine, Franklin App. No. 02AP-399, 2002-Ohio-7198, and an appeal by plaintiff-appellee, Terri Lynn Levine, to the Supreme Court of Ohio was denied in *Page 13 98 Ohio St.3d 1540, 2003-Ohio-1946. In the prior appeal to this court, no issue was raised by either party with respect to the downward deviation of $2,120.92 per month in the amount of child support. Nor did this court consider or discuss the appropriateness of the deviation. In this regard, it must be noted that both parties filed an appeal from the trial court judgment in the prior appeal. Appellant (in both cases) raised no issue with respect to the deviation. Appellee also filed an appeal, but did not prosecute an appeal by filing a brief and assignments of error. Accordingly, the deviation issue was not considered by this court upon the prior appeal. However, in the opinion in the prior appeal, it was expressly stated that: "Upon remand, the trial court shall calculate and award child support in accordance with the procedures set forth in R.C. 3113.215." Levine, at ¶ 78.
 {¶ 35} The issue before us is whether the issue of the amount of the appropriate downward deviation in child support is fixed by the prior determination pursuant to the law of the case that parties cannot re-litigate upon remand issues which they could have raised and had determined in the appeal which resulted in the remand order.
 {¶ 36} The syllabus of Nolan v. Nolan (1984), 11 Ohio St.3d 1, provides, as follows:
 Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. * * *
 {¶ 37} The doctrine of the law of the case applies not only to issues which were litigated but also to issues which could have been litigated but were not in a prior appeal.Ohlemacher v. Ohlemacher, Loraine App. No. 04CA008488, 2005-Ohio-474; Charles A. Burton, Inc. v. Durkee (1954),162 Ohio St. 433. *Page 14 
 {¶ 38} In the judgment which was the subject of the first appeal, the trial court expressly determined that a deviation of $2,120 per month was appropriate. No appeal was taken from the determination.
 {¶ 39} Upon remand, no new evidence was taken, the trial court having overruled a motion for an evidentiary hearing. Rather, all issues were decided upon the same evidence as was before the trial court in making the judgment which was the subject of the first appeal. The magistrate utilized the same evidence and essentially the same analysis as was made in determining the proper deviation to be $2,120 per month. However, pursuant to the mandate of this court upon the prior appeal, child support was ordered reduced because appellant's income had not been properly determined by the trial court in the prior appeal. Accordingly, the magistrate made a new calculation of the proper child support which resulted in $8,140.33 per month reduced from the original $9,620.92 per month. The trial court adopted the magistrate's determination. Thereafter, the magistrate, without new evidence and without any further hearings or justification, reduced the deviation to $970.33 per month from the previous determination of $2,120 per month. This resulted in the amount of child support to be paid after deviation to be almost identical to that which was awarded in the prior determination, which was reversed by this court because appellant's income had not been properly determined by the trial court in the prior appeal.
 {¶ 40} Without either new evidence nor any indication of a change of circumstances (other than appellant's income being less than previously determined by the trial court), the law of the case precludes the trial court from making such a drastic change in the amount of the deviation. Neither the magistrate nor the trial court gave any *Page 15 
explanation that would justify making the change. Upon remand following a reversal, the trial court does not have the discretion to change its mind as to determination of issues previously made but which were not appealed nor considered by the appellate court making the remand, at least not in the absence of evidence justifying the change as being in the furtherance of justice. Here, there was no such evidence nor even the consideration. Accordingly, the trial court abused its discretion and acted contrary to law in reducing the downward deviation determination.
 {¶ 41} For these reasons, I would sustain the assignment of error, reverse the judgment of the trial court and remand this cause to the trial court for a new trial. *Page 1